Jeffrey S. Abraham
Philip T. Taylor
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2808
New York, New York 10119
Telephone: (212) 279-5050
Facsimile:  (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ X
                                            :
ROBERT LOWINGER, Individually an On         :
Behalf of All Others Similarly Situated,    :
                                            :
                    Plaintiff,              :      Civil Action No. 08-3516 (SWK)
                                            :
      vs.                                   :
                                            :      ECF Case
GLOBAL CASH ACCESS HOLDINGS, INC.,          :
KIRK SANFORD, KARIM MASKATIYA,              :
ROBERT CUCINOTTA, M&C                       :
INTERNATIONAL, SUMMIT PARTNERS, L.P.,       :
GOLDMAN SACHS & CO., INC. and J.P.          :
MORGAN SECURITIES, INC.,                    :
                                            :
                    Defendants.             :
                                            :
------------------------------------------------------------ X
```

## <u>DECLARATION OF PHILIP T. TAYLOR</u>

PHILIP T. TAYLOR, pursuant to 28 U.S.C. § 1746, declares as follows:

      1.     I am an associate at Abraham, Fruchter & Twersky, LLP ("AF&T"), counsel for

plaintiff Robert Lowinger in the above-captioned action and am admitted to practice before this

Court.  I am submitting this affidavit in connection with and in support of the motion of plaintiff

Robert Lowinger to be appointed lead plaintiff and for approval of his selection of AF&T as lead

counsel in this action.

2.      Attached hereto as Exhibit A is a true and correct copy of the notice disseminated to the Global Cash Access Holding, Inc. IPO investors concerning the pendency of this class action.

3.      Attached hereto as Exhibit B is a copy of the firm resume of AF&T.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  June 10, 2008

                                        _____/s/ Philip T. Taylor_____
                                                 Philip T. Taylor

# EXHIBIT A

14 of 17 DOCUMENTS

Copyright 2008 Market Wire, Incorporated
All Rights Reserved
Market Wire

April 11, 2008 Friday 9:54 AM GMT

**LENGTH:** 535 words

**HEADLINE:** Abraham, Fruchter & Twersky, LLP Files Class Action Lawsuit Against Global Cash Access Holdings, Inc.

**DATELINE:** NEW YORK, NY; Apr 11, 2008

**BODY:**

Abraham, Fruchter & Twersky, LLP commenced a class action lawsuit in the United States District Court for the Southern District of New York (Case No. 08-CV-3516 (SWK)) (the "Court") on behalf of a class (the "Class") of all persons who purchased or acquired shares of common stock of Global Cash Access Holdings, Inc. (NYSE: GCA) ("GCA" or the "Company"), pursuant or traceable to the Company's initial public offering ("IPO") which commenced on September 22, 2005, and who held such shares of GCA common stock until November 14, 2007. The claims asserted arise under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, respectively 15 U.S.C. Sections 77k, 77l(a)(2) and 77o, and have been asserted against: GCA; current and former directors Kirk Sanford, Karim Maskatiya, Robert Cucinotta; controlling shareholders M&C International and Summit Partners, L.P.; and underwriters Goldman Sachs & Co., Inc. and JP Morgan Securities Inc.

The complaint alleges that: (a) the Company's internal controls were deficient causing its finance and accounting departments to be unable to accurately calculate the amount of commissions payable to the Company's customers; (b) GCA had improperly computed the amount of commissions it was required to pay many of its customers resulting in the Company failing to comply with contractual terms; and (c) GCA's expenses (i.e. cost of revenues) during 2005 were understated resulting in an overstatement of gross profit margins and net income. The subsequent disclosure of these facts resulted in the decline of the Company's common stock price, causing Plaintiff and the other members of the Class to suffer damages.

If you purchased or otherwise acquired GCA common stock pursuant or traceable to the IPO you may, no later than June 10, 2008, request that the Court appoint you as lead plaintiff. A lead plaintiff is a representative party that acts on behalf of other class members in directing the litigation. In order to be appointed lead plaintiff, you must meet certain legal requirements, including the Court's determination that the Class representative's claim is typical of the claims of other Class members, and that the Class representative will adequately represent the Class. Under certain circumstances, one or more class members may together serve as "lead plaintiffs."

The attorneys at Abraham, Fruchter & Twersky, LLP have extensive experience in securities class action cases, and the firm is ranked among the top class action firms, in terms of recoveries achieved, by the most recent survey of class action law firms conducted by Institutional Shareholder Services. If you would like to discuss this action or have any questions concerning this Notice or your rights as a potential class member or lead plaintiff, you may contact: Philip Taylor, Esq. of Abraham, Fruchter & Twersky, LLP, One Penn Plaza, Suite 2805, New York, New York 10119, by telephone at (212) 279-5050, by facsimile at (212) 279-3655 or by e-mail at ptaylor@aftlaw.com

```
Contact:
 Philip T. Taylor, Esq.
 Abraham, Fruchter & Twersky, LLP
 One Penn Plaza, Suite 2805
 New York, New York 10110
 Telephone: (212) 279-5050
 Facsimile: (212) 279-3655
```

Abraham, Fruchter & Twersky, LLP Files Class Action Lawsuit Against Global Cash Access Holdings, Inc. Market Wire April 11, 2008 Friday 9:54 AM GMT

SOURCE: Abraham, Fruchter & Twersky, LLP

**LOAD-DATE:** April 12, 2008

# EXHIBIT B

**Firm Resume**

## ABRAHAM, FRUCHTER & TWERSKY, LLP

Abraham, Fruchter & Twersky, LLP ("AF&T" or the "Firm") was formed in March 2004 through combining the firms of Abraham & Associates and Fruchter & Twersky LLP.  AF&T is a boutique law firm specializing in securities and shareholder litigation and has been actively involved in the successful prosecution of such cases throughout the United States.  In the most recent survey of class action law firms conducted by Institutional Shareholder Services, AF&T was ranked number 23 by the total dollar amount of final securities class action settlements.

The actions in which AF&T or the predecessor firms have served as lead counsel or as a member of an executive committee of plaintiffs' counsel include:

- *Levy v. Southbrook International Investments, Ltd., et al.*, 99 CV 1479 (JSM) (S.D.N.Y.), in which settlements totaling $20 million, the largest known cash recovery at the time for claims arising under Section 16(b) of the Securities and Exchange Act of 1934 ("Section 16(b)") since the statute was first enacted in 1934, were approved by Judge John S. Martin, Jr.  In approving the settlement, Judge Martin, noted that "the shareholders of Illinois Semiconductor Company received a $20,000,000.00 benefit as the sole result of the diligence and sagacity of Plaintiff's counsel." *Id.* 2001 U.S. Dist. LEXIS 7097 at *20 (S.D.N.Y. May 31, 2001);

- *In re Peregrine Systems, Inc. Securities Litigation*, No. 02-CV-0870-BEN (RBB) (S.D. Cal) is an ongoing action for violations of the federal securities laws.  Abraham Fruchter was appointed as co-lead counsel for a class alleging violations of Section 11 of the Securities Act of 1933.  In November 2006, the court approved a partial settlement of the action, in which a recovery of approximately $58 million was obtained;

- 1 -

● *Levy v. Office Depot, Inc.*, 01-8259-CIV (S.D. Fla.), was a Section 16(b) action settled for $9.4 million in cash following plaintiff's successful appeal to the United States District Court of Appeals for the Eleventh Circuit of the District Court's following the dismissal of the action on a summary judgment motion and the subsequent remand of the action to the District Court for trial;

● *Lawrence v. Gouldd, et al.*, CV-S-99-969 JBR (RLH) (D. Nev.), was a class action brought pursuant to Section 12 of the Securities Act of 1933 and the Nevada Deceptive Business Practices Act for the alleged operation of a pyramid scheme. The case settled two weeks into trial for proceeds, based upon the estimated liquidation value of defendants' assets, of approximately $30 million;

● *In re CFSBDirect Tracking Stock Shareholder Litigation*, C.A. No. 18307 (Del. Ch.), was a class action for breach of fiduciary duties which achieved a $36.4 million or 50% increase in the price offered by a controlling shareholder in a tender offer;

● *In re Bank of New York Corporate Derivative Litigation*, Index No. 99/604465 (Sup Ct. N.Y. County), was a shareholder derivative action brought on behalf of the Bank of New York with respect to damage allegedly caused to the company by the failure to implement proper procedures to safeguard against unlawful money laundering, which was settled for $26.5 million in cash and substantial remedial measures designed to strengthen the Bank of New York's internal controls and corporate governance procedures and prevent a future occurrence of similar wrongful activities;

● *Rosenberg v. Delta Air Lines, Inc.*, C.A. No. 00-461-JJF (D. Del.), was an action brought against Delta Air Lines on behalf of Priceline.com for violating the insider trading

provisions of Section 16(b) and was settled for changes in contractual terms governing various business relationships valued at more than $38 million;

- *In re Ugly Duckling Corp. Shareholders' Derivative and Class Litigation*, C.A. No. 18746 (Del. Ch.), was a consolidated shareholder derivative and class action which settled for a $9 million increase in the price of a proposed tender offer made by a controlling shareholder;

- *In re: Dreyfus Aggressive Growth Mutual Fund Litigation*, 98 CV 4318 (HB) (S.D.N.Y.), was a class action brought on behalf of purchasers of two mutual funds for damages arising from misleading statements made in the offering prospectuses, which settled for $18.5 million in cash;

- *In re Global Crossing Ltd. Securities Litigation*, Case No. 02 Civ. 910 (GEL) (S.D.N.Y.), in which the Firm acted as co-lead counsel for a sub-class consisting of all purchasers of Asia Global Crossing securities and achieved recoveries totaling more than $20,000,000 for the Asia Global investors representing a substantial premium to the recovery achieved by ordinary Global Crossing investors; and

- *Levy, derivatively on behalf of Marketing Services Group, Inc. v. GeneralElectric Capital Corp.*, 99 Civ. 10560 (AKH) (S.D.N.Y.), was an action arising under Section 16(b) which was settled for $1,250,000, or more than 45% of recoverable damages.

Many of the actions the Firm litigates involve issues of first impression. On December 19, 2002, the United States Court of Appeals for the Third Circuit resolved certain issues of first impression relating to the scope and interpretation of Rule 16b-3 and Rule 16b-7 of the Securities Exchange Act of 1934 [17 C.F.R. §§240.16b-3 and 240.16b-7] promulgated by the Securities and

- 3 -

Exchange Commission ("SEC") consistent with the position advocated by the Firm. *Levy v. Sterling Holding Company,*, 314 F.3d 106 (3rd Cir. 2002). The decision is especially noteworthy because on April 30, 2003, the Third Circuit denied defendants' petition for rehearing *en banc* by a 7-3 vote despite the fact that the SEC joined defendants as an *amicus* in their petition for rehearing.

In another action arising under Section 16(b), on August 7, 2000, the United States Court of Appeals for the Second Circuit, held that for purposes of Section 16(b), a person can be the beneficial owner of an issuer's stock owned by another publicly traded corporation. This decision in *Feder v. Frost*, 220 F.3d 29 (2d Cir. 2000), effectively overruled more than ten years of controlling case law previously articulated by the Second Circuit in *Mayer v. Chesapeake Insurance Co.*, 877 F.2d 1154 (2d Cir. 1989).

Similarly, on November 15, 1999, the New York State's Second Appellate Department, in an issue of first impression, held that New York Real Property Law §274a prohibits mortgagors from charging mortgagees (i.e., consumers) a fax fee in connection with providing mortgage related documents and that mortgagees have an implied private right of action to recover any such fees paid. The decision was "Decision of the Day" in the November 19, 1999, edition of *The New York Law Journal* and is reported as *Negrin v. Norwest Mortgage, Inc.*, 163 A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999).

*Jeffrey S. Abraham* is a 1987 graduate of the Columbia University School of Law and is admitted to practice in the Courts of the State of New York as well as the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of Colorado; and the United States Court of Appeals for the Second, Third, Fourth, Seventh,

- 4 -

Ninth, Tenth and Eleventh Circuits.

*Jack G. Fruchter* is a 1992 *cum laude* graduate of the Benjamin N. Cardozo School of Law and was admitted to bar of New York State in 1993, New York and is admitted to practice in the U.S. District Courts, Southern and Eastern District of New York and the Court of Appeals for the Third Circuit. Prior to establishing his own practice, Mr. Fruchter was employed in the enforcement division of the U.S. Securities and Exchange Commission and as an associate at a large New York City law firm.

*Mitchell M.Z. Twersky* is a 1991 graduate of the Georgetown University School of Law. Mr. Twersky was admitted to the bar of New York State in 1992 and is also admitted to practice before the U.S. District Courts, Southern and Eastern District of New York and the Courts of Appeals for the Second, Third and Seventh Circuits; Supreme Court of the United States of America. Prior to establishing his own practice, Mr, Twersky was associated with a medium sized New York City law firm specializing in commercial litigation.