```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ROBERT LOWINGER,                    x
                                    x    08 Cv. 3516 (SWK)
         Plaintiff                  x
                                    x
              -against-             x    ORDER
                                    x
GLOBAL CASH ACCESS HOLDINGS, INC.,  x
et al.,                             x
                                    x
         Defendants.                x
------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/08
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

WHEREAS the plaintiff, Robert Lowinger ("Lowinger") has filed a motion for appointment as lead plaintiff in the above-captioned class action litigation, and has calculated his financial interest in the litigation (see Lowinger's Mot. 5-6, 08 Cv. 3516 (SWK), Dkt. No. 13), based on his definition of the class as "all persons other than Defendants who purchased the Common Stock of [Global Cash Access Holdings, Inc.] pursuant or traceable to the [Initial Public Offering] and continued to hold such stocks on November 14, 2007" (Lowinger's Compl. ¶ 16 (emphasis added)) (the "Original Class Definition"); and

WHEREAS City of Richmond Retirement Systems ("Richmond") has filed a competing motion for appointment as lead plaintiff in the above-captioned class action litigation, and has calculated its financial interest in the litigation (see Richmond's Mot. 8-9, 08 Cv. 3516 (SWK), Dkt. No. 17), based on

its definition of the class as "all . . . persons and entities who purchased or otherwise acquired securities issued by Global Cash Access Holdings, Inc. . . . from September 22, 2005 to November 14, 2007" (Richmond's Compl. 1, 08 Cv. 5317, Dkt. No. 1), "whether or not such purchases are traceable to the Company's [Initial Public Offering]" (Richmond's Mot. 3, (emphasis added)) (the "Expanded Class Definition"); and

WHEREAS an accurate comparison of the movants' respective financial interests requires reference to the same class definition, see, e.g., In re Telxon Corp. Sec. Litig., 67 F. Supp. 2d 803, 819 n.28 (N.D. Ohio 1999) (noting that comparison of loss calculations computed using different class periods raises equitable concerns); and

WHEREAS the Expanded Class definition was noticed (see Richmond's Mot., Declaration of Michael J. Barry, Ex. C) and potentially includes a greater number of class members;

IT IS HEREBY ORDERED THAT

On or before June 25, 2008, Lowinger shall submit a supplemental certification that computes his financial interest in the above-captioned litigation based upon the Expanded Class Definition. Cf. In re Doral Fin. Corp. Sec. Litig., 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (holding that, when movants offer competing class periods, use of "most inclusive class period" is appropriate for purposes of determining lead plaintiff); In re

Pfizer Inc. Sec. Litig., 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (refusing to apply more inclusive proposed class period when movants failed to publish notice of it).

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE


Dated:   New York, New York
         June 18, 2008